NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YULI MARISELA VELARDE-FLORES; et al., | No. 18-15278 |
| Petitioners-Appellants, | D.C. No. 2:18-cv-00031-DJH-BSB |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General; et al., | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted February 5, 2019**
Phoenix, Arizona

Before: HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.

This appeal arises out of a 28 U.S.C. § 2241 habeas corpus petition that seeks

to enjoin the removal of petitioners Yuli Velarde-Flores, Ibeth Corral, and Liliana

Reyes Diaz to Mexico. The district court dismissed the petition for lack of subject

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

matter jurisdiction, citing 8 U.S.C. § 1252(g). We have jurisdiction over this appeal under 28 U.S.C. § 1291, and affirm.

1.  Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders . . . ." 8 U.S.C. § 1252(g). The statute's jurisdiction-stripping mandate expressly extends to § 2241 habeas corpus petitions. *Id.*

2.  Because this petition arises from the government's decision to execute valid orders of removal, it facially falls within the statutory jurisdictional bar. The decision whether to remove aliens subject to valid removal orders who have applied for U-visas is entirely within the Attorney General's discretion. *See* 8 C.F.R. § 214.14(c)(1)(ii) ("The filing of a petition for U–1 nonimmigrant status has no effect on ICE's authority to execute a final order, although the alien may file a request for a stay of removal . . . ."); *see also Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 n.9 (1999) ("Section 1252(g) was directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion."). The petitioners do not identify any cognizable liberty interest in remaining in the country while their applications are pending. *Cf. Jimenez v. Nielsen*, 334 F. Supp. 3d 370, 384–85 (D. Mass. 2018) (declining to apply § 1252(g)

2

in case involving alien spouses of United States citizens seeking waivers of inadmissibility under 8 C.F.R. § 212.7).

3.     Although placement on a waitlist for a U-visa can entitle an applicant to deferred action, 8 C.F.R. § 214.14(d)(2), Reyes was not on the waitlist when the district court dismissed this action.  We express no opinion as to whether her subsequent placement on the waitlist provides a basis for an application to the Board of Immigration Appeals to reopen her removal order.

**AFFIRMED.**